IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01725-PSF-MJW

RODNEY ATKINSON,

    Plaintiff,

v.

JOE ORTIZ;
RONALD LEYBA;
KELLIE WASKO;
CINDRA MARTINEZ;
PATTY BEECROFT;
TEJINDER SINGH; and
THEODORE LAURENCE,

    Defendants.

---

**ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE
ENTERED AUGUST 14, 2007**

---

This matter comes before the Court on the Recommendation of the Magistrate Judge entered August 14, 2007 (Dkt. # 73) in which he recommended granting in part and denying in part defendants' motion to dismiss (Dkt. # 26) and granting plaintiff's motion for leave to withdraw state law claims (Dkt. # 67). On August 28, 2007 defendants filed their Objection to portions of the Recommendation (Dkt. # 76). On September 10, 2007, plaintiff, who is represented by counsel, filed a response to defendants' objection but no objection to the Recommendation (Dkt. # 77). Pursuant to Rule 72(b), F.R.Civ.P. and 28 U.S.C. § 636(b)(1)(C), the Court reviews *de novo* the portions of the Recommendation to which defendants have made specific objections.

For the reasons set forth below, the Recommendation is accepted in part and rejected in part.

## I. BACKGROUND

On August 31, 2006, Plaintiff Rodney Atkinson, an inmate at Arkansas Valley Correctional Facility ("AVCF"), filed his *pro se* complaint (Dkt. # 2) against Defendant Ortiz, the Executive Director of the Colorado Department of Corrections ("DOC"), in his official and individual capacities, Defendant Leyba, the warden at AVCF, in his official and individual capacities and defendants Wasko, Martinez, Beecroft, Singh and Laurence, medical personnel at AVCF, in their official and individual capacities, alleging three claims of deliberate indifference to his medical needs in violation of the Eighth Amendment.  The claims essentially arise from the alleged refusal to provide treatment for the pain suffered by plaintiff in both of his knees, a condition that dates to 1999 (First Claim), for the refusal to send plaintiff to a specialist for treatment for his pain (Second Claim) and for prescribing a drug called "Pamelor," alleged to be a "mental drug" to mask the pain (Third Claim).  Plaintiff also asserts claims under Colorado law for malpractice, negligence and outrageous conduct.  Plaintiff seeks compensatory damages, punitive damages and injunctive relief against Defendant DOC.  On February 13, 2007, counsel Patricia S. Bangert, Esq. entered her appearance on behalf of plaintiff (Dkt. # 25).

On February 20, 2007, the defendants moved to dismiss all of plaintiff's federal claims asserting: 1) immunity from liability for damages in their official capacities; 2) qualified immunity from liability in their individual capacities; 3) lack of personal

participation by Defendants Ortiz and Leyba barring liability against them; 4) a bar of claims under the applicable statute of limitations; and 5) failure to state a claim for relief (Dkt. # 27 at 3-12).  Defendants moved to dismiss the state law claims as barred, 1) by the Colorado Governmental Immunity Act; 2) due to the failure to obtain a certificate of review as required by C.R.S. 13-20-602; and 3) the applicable statute of limitations (*id.* at 12-20).

On April 20, 2007 plaintiff file a response to the motion to dismiss (Dkt. # 43), but on May 18, 2007 he also filed a motion to stay decision on the motion to dismiss in order to permit limited discovery to be completed (Dkt. # 54).  The motion to stay claimed that the discovery was needed to respond to the motion to dismiss, and stated that the discovery may indicate that some of the state claims should be dismissed. On June 13, 2007, the Magistrate Judge granted plaintiff's motion to stay, stating that he would not rule until at least July 20, 2007 (Dkt. # 62).

On July 30, 2007, plaintiff moved to withdraw his state law claims (Dkt. # 67). The Magistrate Judge directed defendants to file a response to that motion by August 7, 2007 (Dkt. # 69) and any final reply in support of the motion to dismiss by August 10, 2007 (Dkt. # 71).  The defendants timely filed their papers on the requisite dates.  The response to the motion to withdraw the state law claims did not unequivocally state the defendants' position on the request to dismiss (Dkt. # 70).  On August 14, 2007, the Magistrate Judge entered his Recommendation as to both motions.

## II.  THE RECOMMENDATION AND DEFENDANTS' OBJECTION

The Magistrate Judge first recommends granting plaintiff's motion for leave to withdraw the state law claims, and recommends that the claims be dismissed without prejudice as defendants have filed no answer or motion for summary judgment relating to such claims (Recommendation at 18). He further recommends dismissing any claims seeking damages against defendants in their official capacity with prejudice, because the defendants may not be sued for damages in such capacity. Finally, he recommends that the motion to dismiss be denied "in all other respects." Recommendation at 18.

Defendants' Objection states that they "object to the Magistrate's Recommendation to the extent it did not recommend dismissal of Plaintiff's Federal claims based upon the statute of limitations, and to the extent it did not recommend dismissal of defendants Ortiz and Leyba for lack of personal participation." Objection at 3. Given the specifics of the Objection, the Court reviews only these two aspects of the Recommendation *de novo*.

## III.  ANALYSIS

The Court accepts the Recommendation to grant plaintiff's motion to withdraw his state law claims and directs that claims Four, Five and Six of the complaint be DISMISSED without prejudice.[1]

---

[1] The Recommendation erroneously refers to these claims as "One through Three" (Recommendation at 18), but it is clear that the state law claims are claims Four, Five and Six.

The Court accepts the Recommendation to dismiss all claims seeking damages against defendants in their official capacity, and such claims are DISMISSED with prejudice.

The Court accepts the Recommendation to deny defendants' motion to dismiss based on the statute of limitations argument for the following reasons. All parties agree that the applicable statute of limitations for plaintiff's claims for denial of his constitutional rights is the two-year statute of limitations contained in C.R.S. § 13-80-102. Defendants argue that plaintiff's medical condition was known to him as early as 1999, and no later than 2001, and that is when he was denied the medical treatment of which he now asserts constitutes violations of his rights (Objection at 4). As the condition was known to plaintiff more than two years before he filed his complaint in August 2006, his claims are barred according to defendants (*id.* at 5).

However, as the Magistrate Judge implicitly, if not explicitly found, while plaintiff's medical conditions may date to 2001, he made requests for medical treatment for the conditions within the two years preceding his complaint (Recommendation at 11), to which defendants have allegedly shown "deliberate indifference." That he made such requests is shown by the administrative grievances referenced in his complaint, in his response to the motion to dismiss (Dkt. # 43 at 3), and which his counsel filed with the Court attached to plaintiff's sur-reply brief on July 27, 2007 (Dkt. # 66), as well as by other documents filed with plaintiff's sur-reply brief. (*See* Exhibits 4 and 11 to Dkt. # 66). To be sure, the passage of time between the onset of plaintiff's maladies and his requests for treatment may be reflective of other relevant facts relating to his claims,

such as the degree to which the seriousness of his condition may be perceived by defendants or whether the defendants knew plaintiff "faced a substantial risk of harm" and ignored such risk, a requirement to establish an Eighth Amendment violation under Tenth Circuit law.  *See e.g. Oxendine v. Kaplan*, 241 F.3d 1272, 1276-77 (10th Cir. 2001).  However, the mere passage of time will not result in the bar of such claims under the statute of limitations to the extent the alleged wrongful denial of medical treatment occurred within the two years preceding the filing of the complaint.  Accordingly, the plaintiff's three federal claims alleging deliberate indifference to his serious medical needs are not barred by the two-year statute of limitations insofar as the claims relate to requests for treatment which occurred within the two years preceding the filing of the complaint, a position advanced by plaintiff in his response to the defendants' Objection.  *See Durham v. Lappin*, 2006 WL 2724091 *6 (D. Colo., September 21, 2006).

   The Court, however, declines the Recommendation of the Magistrate Judge as to the claims alleging individual liability against Defendants Ortiz and Leyba, for the following reasons.  The Magistrate Judge points out that plaintiff has alleged in each of his three federal claims that Defendants Ortiz and Leyba were notified of the serious medical needs of the plaintiff and they failed to remedy the situation and acquiesced in the ongoing violations (Recommendation at 12-13).  He further notes that the plaintiff alleged that these defendants were "made aware" of the alleged inadequate treatment through the formal grievance procedures filed by plaintiff (*id.* at 13).  There are no other allegations in the complaint of personal participation by these defendants.  The Court

disagrees with the Magistrate Judge that such allegations are sufficient to establish supervisor liability.

The case law correctly cited by the Magistrate Judge states:

> In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution. Then, a plaintiff must show an "affirmative link" between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates. . . . In this context, the supervisor's state of mind is a critical bridge between the conduct of a subordinate and his own behavior. Because "mere negligence" is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with "deliberate indifference" that a constitutional violation would occur. . . .

Recommendations at 12, citing to *Serna v. Colorado Dept. of Corrections,* 455 F.3d 1146, 1151-52 (10th Cir. 2006) (citations omitted).

Under *Serna*, the plaintiff must show an affirmative link of either "active participation," which is not alleged here, or acquiescence in the constitutional violations of the subordinates. The allegations here are that the acquiescence occurred through the formal grievance procedures. The plaintiff's complaint purports to incorporate the administrative grievance (*see* Dkt. # 2 at 7) but, in fact, they were not filed with the Court until plaintiff filed his response to an Order to Show Cause on November 1, 2006 (*see* attachments to Dkt. # 7). The grievance documents which the plaintiff has referenced in his complaint and supplied as indicated above, and which the Court has examined as set forth above, reflect no involvement by Defendants Ortiz or Leyba. The grievances were processed by Defendants Laurence, Wasko and Martinez (*see* attachments to Dkt. # 7). The grievances refer to communications with Defendants

Singh and Beecroft, but make no mention of Defendants Ortiz or Leyba. *Id.* The review of the grievance at the DOC level was carried out by a grievance officer named Anthony DeCesaro (*see* attachment to Dkt. # 8). There is simply no indication that Defendants Ortiz or Leyba were involved in this process.

Accordingly, the Court finds that the plaintiff's complaint lacks allegations sufficient to establish the degree of personal involvement necessary to establish supervisor liability under controlling law and the claims against Defendants Ortiz and Leyba alleging individual liability must be dismissed.

**CONCLUSION**

Plaintiff's Motion for leave to withdraw state law claims (Dkt. # 67) is GRANTED and Claims Four, Five and Six of plaintiff's complaint are DISMISSED without prejudice.

The Defendants' Motion to Dismiss (Dkt. # 26) is granted in part and denied in part, as follows.

All claims seeking damages against defendants in their official capacity are DISMISSED with prejudice. All claims against Defendants Ortiz and Leyba alleging liability in their individual capacities are DISMISSED with prejudice.

The plaintiff's three federal claims alleging deliberate indifference to his serious medical needs (First, Second and Third Claims) are not barred by the two-year statute of limitations insofar as the claims relate to requests for medical treatment which occurred within the two-year period preceding the filing of the complaint.

In all other respects, the motion is DENIED.

DATED:  September 11, 2007    BY THE COURT:
    *s/ Phillip S. Figa*
    _____
    Phillip S. Figa
    United States District Judge