IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01725-EWN-MJW

RODNEY ATKINSON,

Plaintiff,

v.

JOE ORTIZ, et al.,

Defendants.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 94)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Compel (docket no. 94). The court has reviewed the subject motion and the response (docket no. 99) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In the subject motion, Plaintiff seeks an order from this court, pursuant to Fed. R. Civ. P. 37(a), ordering Defendant to provide full and complete responses to Plaintiff's interrogatories ("ROG") numbered 5 and 6 and Request for Production ("RFP") numbered 2, 3, and 4 and for costs. Plaintiff argues that such information that is being requested in the above Rogs and RFPs is relevant on the issue of "pattern and

practice."

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 94);

4. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, descriptions, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court

determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id.;

5. That on September 11, 2007, Judge Figa entered an Order on Recommendation of Magistrate Judge Entered August 14, 2007 (docket no. 78). Based upon this Order (docket no. 78), the limited issue before this court is whether the named Defendants violated Plaintiff's Eighth Amendment rights by being deliberately indifferent to Plaintiff's medical condition by failing to provide treatment for his knees; by failing to send him to a specialist for treatment for his knees; and by prescribing inappropriate medications for treatment of his knees. *See* docket no. 78.;

6. That Plaintiff's Rogs 5 and 6 are both overly broad and unduly burdensome. Moreover, these Rogs, as drafted, are beyond the scope of permissible discovery in that they seek information not reasonably calculated to lead to the discovery of admissible

evidence, noting that Judge Figa has narrowed the scope of this case by his Order (docket no. 78). Lastly, to the extent these Rogs seek medical information of non-parties, such information is privileged and such non-parties have not filed any written waivers for such medical information with this court;

7. That as to RFP #2, the Defendants have fully responded to this RFP and therefore no further response is required;

8. That as to RFP #3, as drafted, it is overly broad and unduly burdensome and therefore no further response is required; and,

9. That as to RFP #4, the information requested in this Rog is protected by § 24-72-204, C.R.S., and no further response is required.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Compel (docket no. 94) is **DENIED**; and,

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 6th day of March 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE